**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| THOMAS WALTER, | : | |
| Plaintiff, | : | |
| | : | No._____ |
| v. | : | |
| ZETTASET, INC., TIMOTHY REILLY, AND JAMES VOGT, | : | |
| Defendants. | : | |

**DEFENDANTS' NOTICE OF REMOVAL**

# EXHIBIT A

# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2081CV00802

Thomas Walter , PLAINTIFF(S),

v.

Zettaset Inc., Timothy Reilly, and James Vogt , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO Timothy Reilly . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Lowell Superior Court, 770 Jackson St, Lowell, MA 01852 (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 111 Devonshire Street, Suite 400, Boston, MA 02109.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

* A copies of the Complaint and Civil Tracking Order dated March 23, 2020 are enclosed.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___May 11___, 20 _20_.

*[signature]*

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

Service accepted on behalf of Timothy Reilly by:

_____    _____
Name and title                    Date

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated:_____, 20____        Signature:_____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

┌─────────────────────────────────────────┐
│                                         │
│                              , 20____   │
└─────────────────────────────────────────┘

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __2081CV00802__

__Thomas Walter__ , PLAINTIFF(S),

v.

__Zettaset Inc., Timothy Reilly, and James Vogt__ , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO __James Vogt__ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Middlesex Superior__ Court.* **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a. Filing your **signed original** response with the Clerk's Office for Civil Business, __Lowell Superior__ Court, __770 Jackson St, Lowell, MA 01852__ (address), by mail or in person, **AND**

    b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: __111 Devonshire Street, Suite 400, Boston, MA 02109__.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

* A copies of the Complaint and Civil Tracking Order dated March 23, 2020 are enclosed.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___May 11___, 20 _20_.

*[signature]*
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

Service accepted on behalf of James Vogt by:

_____    _____
Name and title            Date

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20___        Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

```
┌─────────────────────────────────────────┐
│                                         │
│                              , 20___    │
└─────────────────────────────────────────┘
```

## Commonwealth of Massachusetts

MIDDLESEX, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2081CV00802

Thomas Walter, PLAINTIFF(S),

v.

Zettaset Inc., Timothy Reilly, and James Vogt, DEFENDANT(S),

### SUMMONS

THIS SUMMONS IS DIRECTED TO Zettaset Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court.* **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Lowell Superior Court, 770 Jackson St, Lowell, MA 01852 (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 111 Devonshire Street, Suite 400, Boston, MA 02109.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

* A copies of the Complaint and Civil Tracking Order dated March 23, 2020 are enclosed.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___May 11___, 20 _20_ .

_____
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

Service accepted on behalf of Zettaset, inc., by:

_____      June 4, 2020
Name and title                       Date

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20___         Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

, 20___



COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

MIDDLESEX, ss:  SUPERIOR COURT
DEPARTMENT

-------------------------------------------------x
THOMAS WALTER,
    Plaintiff,

v.

ZETTASET, INC., TIMOTHY
REILLY, AND JAMES VOGT,
    Defendants.
-------------------------------------------------x

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

MAR 2 3 2020

CLERK

## COMPLAINT

### Introduction

This is an action for failure to pay wages in violation of the Massachusetts Wage Act, G.L. c. 149, §148, *et seq.*, for breach of contract and unjust enrichment. The Plaintiff, Thomas Walter ("Plaintiff," or "Mr. Walter") was employed by the corporate Defendant, Zettaset, Inc., ("Zettaset" or the "Company"), under a contract for a term of years. Mr. Walter's employment contract provided that he was entitled to the equivalent of $125,000 in severance pay in the event the Company terminated his employment without "cause" prior to the end of his employment term under the contract. The most recent renewal of Mr. Walter's agreement extended his employment term through February 19, 2020. However, before the expiration of the contract's term, on August 20, 2019 the Company terminated Mr. Walter's employment as part of a reduction in force that involved the termination of more

1

than half of Zettaset's employees. Thereafter, the Company and individual Defendants failed and refused to pay Mr. Walter the severance pay to which he is entitled. The Defendants' conduct, as more particularly described below, is in violation of the Wage Act and constitutes a material breach of Mr. Walter's employment agreement, resulting in the unjust enrichment of the Defendants.

### Parties

1. The Plaintiff, Thomas Walter, is an individual with a last and usual residence in Groton, Massachusetts in Middlesex County.

2. The Defendant, Zettaset, Inc., is a for-profit corporation organized under the laws of Delaware, with a principal place of business in Los Altos, California.

3. The Defendant, James Vogt, is an individual with a last and usual business address in Los Altos, California.

4. The Defendant, Timothy Reilly, is an individual with a last and usual business address in Los Altos, California.

### Jurisdiction and Venue

5. This Court has jurisdiction over this matter by virtue of G.L. Ch. 212, §3A.

6. Venue is properly laid in this county by virtue of G.L. c. 149, §27C and G.L. c. 223, §1, as the acts complained of occurred in Middlesex county.

7.    The Plaintiff exhausted his administrative requirements. He filed a timely complaint with the Attorney General's Office Fair Labor Division, and received notice from that office of his right to pursue a private right of action.

### Facts

8.    In or about January 2012, Mr. Walter was hired by Zettaset, Inc., as the Director of Sales, Eastern Region. As such, Mr. Walter was responsible for sales in the eastern third of the United States. Throughout the seven and a half years he was employed by the Company, Mr. Walter worked remotely from his home in Groton, Massachusetts.

9.    Zettaset is a for profit software corporation, organized under the laws of Delaware, and headquartered in Los Altos, California. In particular, the Company in engaged in the sale of software-based data encryption services.

10.    In his role as Director of Sales for the Eastern Region, Mr. Walter routinely and frequently communicated with and met with potential customers in Massachusetts, as well as other eastern states. During his employment with the Company, he had in-person meetings in Massachusetts with potential customers including Liberty Mutual, Santander Bank, State Street Bank, Citizens Bank, Raytheon, and Dell EMC. He also developed a Massachusetts-based channel partner, A-Track, with whom he met with on a regular basis to discuss sales opportunities, Zettaset products, and to make joint sales calls. Earlier in his career with Zettaset, Mr. Walter

would travel to California annually to meet at Zettaset headquarters, but he had not travelled to CA during the last two years of his employment with the Company.

11. During the period of Mr. Walter's employment with the Company, Jim Vogt was the Chief Executive Officer ("CEO"), and Tim Reilly was the Chief Financial Officer ("CFO"). Vogt and Reilly directed all aspects of the Company's operations, including company strategy, product strategy, licensing, personnel, funding, sale of the company, and business reviews with the investors. On matters involving product capability and/or features, Vogt and Reilly would consult with the Company's engineering team, but as CEO and CFO, they made all final decisions.

12. In their respective roles with the Company, Vogt and Reilly had the authority to direct and influence Mr. Walter's employment and the financial policies of the Company.

13. In or around February 2014, in an effort to incentivize Mr. Walter to remain employed with the Company, Vogt presented Mr. Walter with an Employment Agreement (hereafter, the "Agreement"), which provided for an employment term of two years. Reilly signed it on behalf of Zettaset on February 25, 2014. Prior to entering into the Agreement, Mr. Walter had been employed "at-will."

14. In February of 2016, and again in February of 2018, the Company elected to renew the Agreement. Reilly signed both renewals. The most recent renewal of the Agreement extended Mr. Walter's employment term through February 19, 2020.

15. Under the Agreement, the Company agreed to pay Mr. Walter a Base Salary of one hundred twenty-five thousand dollars ($125,000.00), and a Target Bonus of one hundred twenty-five thousand dollars ($125,000.00). Mr. Walter was also entitled to participate in the Company's benefits plans and programs, including medical health insurance.

16. Pursuant to the Agreement, the Company could terminate the Agreement and Mr. Walter's employment for "cause," with no severance or other obligation to Mr. Walter. Section 4.1.1 of the Agreement defined the term "cause" as follows:

> Employee's (a) failure to devote substantially all of his working time to the business of the Company; (b) willful engagement in misconduct in connection with his duties, including, without limitation, materially violating the material provisions of the Company's employee handbook, repeatedly engaging in inappropriate office behavior, the misappropriation of the Company's funds or property or attempting to secure any personal profit in connection with any transaction entered into on behalf of Company; (c) material breach of the material terms of this Agreement that is not cured as provided herein; (d) engagement in disloyalty to the Company; (e) engagement in conduct that would result in material injury to the reputation of the Company, its directors, managers, officers or employees, including without limitation, conviction of fraud or a felony, whether or not in connection with Employee's work or the disparagement of the Company or its directors, managers, officers and/or employees in any manner that would be materially harmful to them or their business, business reputation, or personal reputation; or (f) conviction of, or a plea of nolo contendere with respect to, any offense that, if committed in the States of California or Massachusetts, would have constituted a felony under the laws of those States or the United States. Notwithstanding the foregoing, with the exception of criminal conduct or unless incapable of being cured, the Company shall provide Employee with written notice of the occurrence of an event that the Company believes constitutes

5

alleged grounds for termination for Cause. Employee shall have fifteen (15) days after the receipt of such notice to cure any such event set forth in the notice ("Cure Period"). If the violation(s) are not cured during the Cure Period, Employee shall be subject to termination for Cause. A resignation by Employee at any time during the Cure Period or immediately thereafter shall be considered a termination by the Company for Cause.

17. At no point during Mr. Walter's employment did he engage in conduct that constituted "cause" as defined in the Agreement. Thus, the Company never provided him with written notice of the occurrence of an event that the Company believed to constitute alleged grounds for termination for Cause. Similarly, Mr. Walter was never provided with a "Cure Period," as required by the Agreement in such situation.

18. Pursuant to the Agreement, in the event Mr. Walter's employment was terminated by the Company without Cause, he was entitled to Severance Benefits.

19. Pursuant to Section 4.3.2 of the Agreement, as amended by the January 31, 2018 renewal, Severance Pay was defined as six months of Mr. Walter's Base Salary and On-Target Bonus Rate, and Mr. Walter's group health continuation coverage premiums for the lesser of one year from the effective date of his termination, or the date upon which he becomes covered under a similar plan(s).

20. The Agreement also provided for severance benefits in the event of a termination without Cause upon a "Change of Control," which was defined in Section 4.4.1 as follows:

a merger, consolidation, sale of substantially all assets of the Company or transfer of beneficial ownership (as determined pursuant to Rule 13d-3 under the Securities Exchange Act of 1934, as an1ended) of outstanding shares of the capital stock of the Company by l(one) or more shareholders of the Company, in which the shareholders of the Company immediately prior to such merger, consolidation, sale or transfer do not own at least 50% (fifty percent) of the combined voting power of the capital stock of the Company or surviving or successor corporation or entity immediately after such transaction.

21. On August 20, 2019, six months before the expiration of the employment term in the Agreement, the Company laid off Mr. Walter as part of a large reduction in force that involved the termination of approximately fourteen of Zettaset's approximately twenty-two employees.

22. Mr. Walter learned of his termination via a telephone conversation with Reilly, who informed him that the reason for his lay off was to reduce expenses in order to continue the Company's operations. Reilly confirmed that the reduction in force was a company-wide event, and not specific to Mr. Walter.[1]

23. When Mr. Walter inquired about his entitlement to severance pay, the Defendants claimed that his lay off did not constitute a "change of control event," and that therefore the Company did not intend to pay Mr. Walter severance.

24. When Mr. Walter persisted in his position that his lay off constituted a termination without Cause, and most certainly triggered the Company's obligation to pay him severance, the Defendants told him that he should hire an attorney.

---

[1] CEO Jim Vogt was eliminated as part of the same reduction in force, however he remained on the Company's Board of Directors following his separation. Reilly assumed the role of CEO upon Vogt's departure.

7

25. Mr. Walter retained counsel, and through counsel he again requested that the Company and Defendants honor his contract and pay him the severance pay to which he was entitled. In response, the Company (through counsel) falsely claimed that Mr. Walter's termination was due to poor performance, and that his poor performance excused the Company from its obligation to pay him severance pay. The Company also falsely claimed that Mr. Walter was not entitled to his severance pay without signing a release of claims. Both suggestions are absurd, and belied by the plain language of Agreement.

26. Thereafter, the Company and individual Defendants failed and refused to pay Mr. Walter the severance pay to which he is entitled.

27. As described above, the individual Defendants were primary participants and derived personal benefit from the violations of law alleged herein.

28. Mr. Walter pursued the Defendant's failure to reimburse him for his COBRA premiums in the Trial Court of Massachusetts, District Court Department, Small Claim Session. The Company appeared at the trial in Ayer District Court and tried to argue that cause existed for Mr. Walter's termination, based on the allegations of poor performance. It also argued that Mr. Walters had failed to meet a condition precedent by failing to execute a release of claims against the Company. The Court was not persuaded by Zettaset's claims, and after a trial by a magistrate, entered


judgment for Mr. Walter, ordering the Defendant Company to pay him monthly COBRA reimbursements.[2]

29. Following his termination, Mr. Walter filed for unemployment benefits in Massachusetts. He was determined eligible to receive benefits by the Massachusetts Division of Unemployment Assistance, and began receiving benefits starting the week of August 25, 2019. Mr. Walter's unemployment benefits ended the week of February 23, 2020, and he remains unemployed today.

30. In early 2020, Mr. Walter attempted to pursue his unpaid severance wages claim with the California Labor Commission, but the Commission informed him that he needed to pursue his claim(s) in Massachusetts. In connection with the California Labor Commission matter, the Defendants explicitly reaffirmed their refusal to pay Mr. Walter the severance wages.

31. Mr. Walter has been damaged as a result of the Defendants' violations of law.

<div align="center">Claims</div>

<div align="center">COUNT I
(For violation of the Massachusetts Wage Act, G.L. c. 149, §148, *et seq.*)</div>

Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 31 and incorporates them by reference herein.

---

[2] Due to the jurisdictional limit of $7,000 in the Small Claims Session, Mr. Walter files claims for two months' worth of COBRA reimbursements at a time. (Each monthly premium reimbursement is equivalent to $3,497.05)

32. The Company knowingly and voluntarily employed Mr. Walter out of his home office in Massachusetts. In his role as Director of Sales for the Eastern Region, Mr. Walter's contacts with the Commonwealth were more than sufficient to afford him protection from the MA Wage Act.

33. Pursuant to the Plaintiff's Employment Agreement and the January 31, 2018 renewal that extended his employment term through February 19, 2020, Mr. Walter was entitled to $125,000 as severance wages in the event his employment was terminated prior to the end of the employment term without cause.

34. Plaintiff's August 2019 lay off from the Company triggered the Company's obligation to pay Mr. Walter severance wages.

35. Defendants knowingly, willfully, and intentionally failed and refused to pay Plaintiff severance wages owed to him in violation of G.L. c. 149, §148, et seq.

36. Plaintiff has been damaged by Defendants' acts and omissions.

37. Defendants are liable to Plaintiff for the violations set forth above.

<u>COUNT II</u>
(For Breach of Contract)

Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 37 and incorporates them by reference herein.

38. Under the terms of his contract with Defendants, Plaintiff was owed the severance wages described above.

39. In failing and refusing to pay Plaintiff the monies due, Defendants breached the contract between the parties.

40. In failing and refusing to pay Plaintiff the monies due, Defendants have acted in bad faith and in violation of the covenant of good faith and fair dealing.

41. Plaintiff has been damaged by Defendants' breach of contract.

## COUNT III
### (Unjust Enrichment)

Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 41 and incorporates them by reference herein.

42. Defendants were unjustly enriched by its failure to pay Plaintiff severance wages earned.

43. Allowing the Defendants to retain those monies would be unjust and inequitable under the circumstances.

44. Defendants should be required to pay the Plaintiff all of the monies owed to him.

45. Plaintiff is further entitled to injunctive relief.

WHEREFORE, Thomas Walter, the Plaintiff, prays the court to:

    a. Award him damages for the violations of law set forth above, according to law.

    b. Award him treble damages, according to law.

    c. Award him interest, according to law.

    d.    Award him reasonable costs and attorneys' fees.

    e.    Award him equitable damages for the Defendant's unjust enrichment.

    f.    Grant such additional relief as the court deems reasonable and proper.

### Demand for Jury Trial

The plaintiff demands a jury trial on all applicable issues.

March 19, 2020

Respectfully submitted,

Thomas Walter
Plaintiff
by his attorney,

Beth R. Myers, BBO# 676043
beth@theemploymentlawyers.com
Powers, Jodoin, Margolis & Mantell LLP
111 Devonshire Street, Suite 400
Boston, MA 02109
(617) 742-7010

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2081CV00802 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Walter, Thomas vs. Zettaset, Inc. et al | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| TO: Beth R Myers, Esq.<br>Powers, Jodoin, Margolis and Mantell LLP<br>111 Devonshire St<br>Suite 400<br>Boston, MA 02109 | | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/22/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 07/21/2020 | |
| All motions under MRCP 12, 19, and 20 | 07/21/2020 | 08/20/2020 | 09/21/2020 |
| All motions under MRCP 15 | 07/21/2020 | 08/20/2020 | 09/21/2020 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/18/2021 | | |
| All motions under MRCP 56 | 02/16/2021 | 03/18/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/16/2021 |
| Case shall be resolved and judgment shall issue by | | | 03/23/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 03/23/2020 | Brian F Burke | (978)453-0201 |